IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELINE SMITH,

    Plaintiff,

v.                                      CASE NO.:

CELLULAR SALES SERVICES
GROUP, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JACQUELINE SMTIH, sues Defendant, CELLULAR SALES SERVICES GROUP, LLC, and states as follows:

## GENERAL ALLEGATIONS

1. Defendant, CELLULAR SALES GROUP SERVICES, LLC ("Cellular Sales" or "Defendant") is a foreign Corporation engaged in business in Hillsborough County, Florida.

2. Plaintiff, JACQUELINE SMITH ("Smith" or "Plaintiff"), is a former employee of Defendant Cellular Sales who, at all times herein, worked and resided in Hillsborough County, Florida.

3. At all times relevant, Plaintiff was an employee of Defendant Cellular Sales working at the Brandon Mall, Brandon, Florida, location.

4. At all times relevant, Defendant employed over 50 employees within a 75-mile radius of Plaintiff's work location.

5. Plaintiff has worked over a year and has met the work hour requirements of the Family Medical Leave Act ("FMLA").

6. This Court has original federal question jurisdiction.

7. Plaintiff had a qualifying medical condition that required her to apply for and use intermittent FMLA.

8. Defendant, at all times relevant, was aware of Plaintiff's qualifying medical condition and was aware of Plaintiff's need for FMLA.

9. In June of 2020, Plaintiff discussed her need for intermittent FMLA with her regional supervisor.

10. Later in June of 2020, Plaintiff began the paperwork for her intermittent FMLA leave.

11. On or around June 22, 2020, Defendant Cellular Sales had decided it would not submit Plaintiff's intermittent FMLA leave request at that time.

12. Two days later, on June 24, 2020, Defendant Cellular Sales fired Plaintiff for stated reasons that were pretextual.

13. In discharging Plaintiff two days after refusing to process Plaintiff's FMLA paperwork, Defendant Cellular Sales interfered with Plaintiff's FMLA protected leave, and interfered with Plaintiff obtaining such leave.

14. Additionally, Defendant Cellular Sales' discharge of Plaintiff was in retaliation for Plaintiff attempting to obtain protected intermittent leave under the FMLA.

15. The allegations in paragraphs 5-14 above represent only a fraction of the discriminatory treatment and conduct by Defendant directed at Plaintiff.

## COUNT I
### FCRA Discrimination

16. Smith realleges paragraphs 1 through 15 as if fully alleged herein.

17. This action is brought pursuant to the Family Medical Leave Act, 29 U.S.C. Chapter 28 ("FMLA").

18. Defendant's actions of refusing to process Plaintiff's FMLA paperwork, then two days later firing Plaintiff, constituted unjustified interference with Plaintiff's rights under the FMLA.

19. Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 7 through 15.

20. As a result of the unlawful actions perpetrated by Defendant, Smith sustained monetary damages.

21. Defendant failed to act in good faith when it violated the FMLA. Plaintiff is entitled to liquidated damages equal to her compensatory damages.

22. In addition, Plaintiff is entitled to reinstatement or front pay damages plus additional liquidated damages.

23. Smith is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other interfering practices against her which are not yet fully known.

24. As a direct and proximate result of Defendant's interference Smith has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Smith is thereby entitled to compensatory damages and liquidated damages in amounts to be proven at trial.

25. As a further direct and proximate result of Defendant's violation of the FMLA as heretofore described, Smith has been compelled to retain the services of counsel in an effort to redress her rights under the FMLA and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Smith. Smith requests that attorneys' fees and costs be awarded pursuant to the FMLA.

26. Plaintiff Smith demands trial by jury on all issues to triable.

WHEREFORE, Plaintiff Smith prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## COUNT II
Retaliation – FMLA

27. Smith realleges paragraphs 1-15 as if fully alleged herein.

28. This action is brought pursuant to the Family Medical Leave Act, 29 U.S.C. Chapter 28 ("FMLA").

29. Smith has requested and submitted paperwork for intermittent FMLA leave. The request constitute protected activity under the FMLA.

30. Defendant engaged in retaliation against Smith after she requested intermittent FMLA when it refused to process the FMLA request and then fired Plaintiff.

31. Smith is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against her which are not yet fully known.

32. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against her, Smith has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Smith is thereby entitled to compensatory damages in amounts to be proven at trial. Plaintiff is also entitled to reinstatement (of front pay damages) and liquidated damages.

33. As a further, direct and proximate result of Defendant's violation of the FMLA as heretofore described, Smith has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with Defendant, and has thereby

4

incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Smith requests that attorneys' fees and costs be awarded pursuant to the FMLA.

34. Plaintiff Smith demands trial by jury on all issues so triable.

WHEREFORE, Smith prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement) and liquidated damages, pre- and post-judgment interest, attorneys' fees and costs and such other relief as this Court deems proper.

Dated: August 17, 2021                                  Respectfully Submitted,

*/s/* James M. Thompson
JAMES M. THOMPSON, ESQUIRE
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
KATHRYN C. HOPKINSON, ESQUIRE
Florida Bar No.: 0102666
khthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com
clerk.thompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC.
777 S. Harbour Island Blvd., Suite 245
Tampa, Florida 33602
(813) 769-3900 ▪ (813) 425-3999 Fax
Attorneys for the Plaintiff Smith